NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COOPER ELECTRIC SUPPLY CO. et al, | Civil Action No. 15-06429 (SDW) |
| Appellants, | |
| v. | **OPINION** |
| LINEAR ELECTRIC CO., INC., | |
| Appellee. | February 29, 2016 |

**WIGENTON**, District Judge.

Before this Court is Cooper Electric Supply Co.'s and Samson Electrical Supply Co., Inc.'s (collectively, "Appellants") appeal from two orders of the United States Bankruptcy Court, District of New Jersey (the "Bankruptcy Court"), entered on July 31, 2015, and August 13, 2015, respectively, which held that Appellants' post-petition construction liens filed against non-debtor real property violated the automatic stay provisions of 11 U.S.C. § 362.

This Court has jurisdiction to hear appeals of final judgments and orders of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1).  This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, this Court **AFFIRMS** the Bankruptcy Court's orders.

1

I.  **FACTUAL AND PROCEDURAL HISTORY**[1]

Linear Electric Company, Inc. ("Appellee") is an electrical contractor that acquired electrical materials on account from Appellants and subsequently incorporated those materials into buildings owned by third-parties ("third-party properties"). On July 1, 2015 (the "petition date"), Appellee filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On that date, Appellants allege, Appellee still owed Appellant Cooper $1,234,100.48, and also owed Appellant Samson $142,980.17, for the previously-supplied electrical materials. (Appellants' Opening Br. ("Appellants' Br. Supp.") 5.) Appellee has since continued to operate as debtor-in-possession.

Although Appellants did not file lien claims before the petition date, they subsequently filed construction liens, pursuant to N.J. Stat. Ann. ("N.J.S.A.") § 2A:44A-1 (West), *et seq.* (the "Construction Lien Law"); against a number of third-party properties in which Appellee had incorporated electrical materials Appellants had supplied. In response, Appellee filed a motion with the Bankruptcy Court on July 20, 2015, seeking the entry of an order directing Appellants to discharge the construction liens for violation of the automatic stay provisions of 11 U.S.C. § 362. On July 31, 2015, the Bankruptcy Court issued an Order directing Appellants "to expeditiously discharge any and all construction liens filed after [the petition date] involving projects contracted with [Appellee] as violations of the automatic stay provisions of 11 U.S.C. § 362." (Dkt. No. 10-1, Appellants' App. ("App.") 136a.) Following denials of Appellants' subsequent motions to the Bankruptcy Court and to this Court for a stay of the July 31, 2015 Order pending appeal, the Bankruptcy Court issued an Order amending and supplementing the July 31, 2015 Order on August

---

[1] Unless otherwise noted, the facts set forth in this Opinion are taken from the underlying record.

13, 2015.  (App. 242a.)  The August 13, 2015 Order held that Appellants' construction liens against third-party properties were void ab initio for violation of the automatic stay.  (*Id.*)

On August 27, 2015, Appellants filed an Amended Notice of Appeal in this Court seeking reversal of the Bankruptcy Court's July 31, 2015 and August 13, 2015 Orders.  (Dkt. No. 6.)

## II.     LEGAL STANDARD

This Court reviews the Bankruptcy Court's "factual findings for clear error and its exercise of discretion for abuse thereof."  *In re American Pad & Paper Co.*, 478 F.3d 546, 551 (3d Cir. 2007) (internal quotation marks omitted) (quoting *In re United Healthcare Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005)).  A factual finding is clearly erroneous if, in reviewing all the evidence, the reviewing court is left with the "definite and firm conviction that a mistake has been committed," even if there is evidence to support the finding.  *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d. Cir. 1992) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  "A bankruptcy court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts."  *In re O'Brien Environmental Energy, Inc.*, 188 F.3d 116, 122 (3d. Cir. 1999).  Additionally, this Court reviews the Bankruptcy Court's conclusions of law de novo.  *See In re Sharon Steel Corp.*, 871 F.2d 1217, 1222-23 (3d Cir. 1989).

## III.    DISCUSSION

Appellants filed their post-petition construction liens pursuant to the New Jersey Construction Lien Law, N.J.S.A. § 2A:44A-1, *et seq*.  Under section 3 of the Construction Lien Law:

> Any . . . supplier who provides . . . material or equipment pursuant to a contract, shall be entitled to a lien for the value of the . . . materials or equipment furnished in accordance with the contract and based upon the contract price, subject to sections 6, 9, and 10 of [the Construction Lien Law].  The lien shall attach to the interest of the owner . . . of the real property development . . . in accordance with this section.

3

N.J.S.A. § 2A:44A-3.

Although the Construction Lien Law provides for a right to file a lien which "attach[es] to the interest of the owner . . . of the real property," the Bankruptcy Court's decisions held that by filing these liens post-petition, Appellants violated the automatic stay provisions of 11 U.S.C. § 362.  Section 362 provides an automatic stay as of the petition date against "any act to create, perfect, or enforce any lien against property of the estate."  Yet, according to Appellants, since the construction liens attached to the interests of the owners of the third-party properties, creating the liens was not an act against the property of the estate.  (Appellants' Br. Supp. 13-16.)  In opposition, Appellee argues that because Appellants filed the construction liens to collect a portion of the accounts receivable owed by the owners of the third-party properties to Appellee, creating the liens was an act against the property of the estate which violated the automatic stay.  (*See generally* Br. Appellee)  Thus, the issue before this Court is whether Appellants' filing of the construction liens was an act against the property of the estate which violated the automatic stay provisions of 11 U.S.C. § 362.

Although 11 U.S.C. § 362 imposes a stay on "any act to create, perfect, or enforce any lien against property of the estate," the "estate" itself is defined by 11 U.S.C. § 541.  Section 541 provides, in part, that the "estate is comprised of . . . . all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).[2]

Moreover, the Construction Lien Law limits the amount of the lienholders' claim, as well as the funds from which that claim may be paid, respectively, to the amount the debtor owes to the lienholder under their contract and to the accounts receivable the owners of the third-party properties owe to the debtor under their contract.  Specifically, subsection 9(a) of the Construction

---

[2] Exceptions listed in subsections (b) and (c)(2) are inapplicable here.

Lien Law limits the amount of the "lien claim"[3] to, at most, "the unpaid portion of the contract price of the claimant's contract for the . . . material or equipment provided," and subsection 9(b) limits the "lien fund"[4] to "the earned amount of the contract between the owner and the contractor minus any payments made prior to service of a copy of the lien claim." N.J.S.A. § 2A:44A-9. Thus, although Appellants' liens attach to the "interest of the owner . . . of the real property," the value of the liens depends completely on the amount Appellee owes to Appellants under their contracts and on the value of the accounts receivable, if any, the owners of the third-party properties owe to Appellee. As a result, Appellee's accounts receivable—from which the owners of the third-party properties would pay Appellants' lien claims—would appear to fall within the definition of property of the estate under 11 U.S.C. § 541. Therefore, to determine whether Appellants' filing of the construction liens violated the automatic stay provisions of 11 U.S.C. § 362, this Court must first determine whether the underlying accounts receivable, on which Appellants' construction liens are based, are property of the estate under 11 U.S.C. § 541.

The Bankruptcy Court below properly determined that the accounts receivable underlying Appellants' construction liens are property of the estate. (*See* App. 119a.) First, the definition of property of the estate under 11 U.S.C. § 541 as "all legal or equitable interests of the debtor in property as of the commencement of the case" is broad. *See In re Kane*, 628 F.3d 631, 637 (3d Cir. 2010) ("[W]e have emphasized that Section 541(a) 'was intended to sweep broadly to include

---

[3] A "lien claim" is "a claim, by a claimant, for money for the value of work, services, material or equipment furnished in accordance with a contract and based upon the contract price and any amendments thereto, that has been secured by a lien pursuant to this act. The term "value" includes retainage earned against work, services, materials or equipment furnished. N.J.S.A. § 2A:44A-2.

[4] The "lien fund" is "the pool of money from which one or more lien claims may be paid. The amount of the lien fund shall not exceed the maximum amount for which an owner can be liable. The amount of the lien that attaches to the owner's interest in the real property cannot exceed the lien fund." N.J.S.A. § 2A:44A-2.

5

all kinds of property, including tangible or intangible property, [and] causes of action.'" (internal quotation marks omitted) (quoting *Westmoreland Human Opportunities, Inc. v. Walsh*, 246 F.3d 233, 241 (3d Cir. 2001))). The breadth of property included in the estate under this provision is further evidenced by "[t]he House and Senate Reports on the Bankruptcy Code[, which] indicate that § 541(a)(1)'s scope is broad." *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204-05 (1983); *see* H.R. REP. NO. 95–595, at 367 (1977), *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6323; S. REP. NO. 95–989, at 50 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5836 ("The scope of this paragraph is broad. It includes all kinds of property, including tangible or intangible property, causes of action . . . and all other forms of property currently specified in section 70a of the Bankruptcy Act.").

Second, as the Construction Lien Law limits the lien claim to the amount of any debt owed by the owners of the third-party properties to the debtor, a creditor's ability to create a construction lien depends on the existence of the debtor's accounts receivable. *See* N.J.S.A. § 2A:44A-9. Yet, these accounts receivable are generally held to be property of the debtor estate under 11 U.S.C. § 541. *See, e.g.*, *SPS Techs., Inc. v. Baker Material Handling Corp.*, 153 B.R. 148, 152 (E.D. Pa. 1993) ("This right to redeem the accounts is also a 'legal or equitable interest' rendering the accounts property of the estate under section 541 of the Bankruptcy Code."); *see also Folger Adam Sec., Inc. v. DeMatteis/MacGregor JV*, 209 F.3d 252, 267 (3d Cir. 2000) ("Here, the property of the estate that was sold was accounts receivable."); *In re Fruehauf Trailer Corp.*, 444 F.3d 203, 211 (3d Cir. 2006) ("[T]he term 'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed." (internal quotation marks omitted) (quoting *Segal v. Rochelle*, 382 U.S. 375, 379 (1966))). Thus, "[t]he fact that [Appellants] have liens on the owners' real estate, not on the funds in the hands of

[Appellee], does not mean that [the liens do] not affect property of the estate." *See In re Richardson Builders, Inc.*, 123 B.R. 736, 740 (Bankr. W.D. Va. 1990). Accordingly, the Bankruptcy Court properly determined that the accounts receivable underlying Appellants' construction liens are the property of the debtor estate. In light of this determination, this Court must next determine whether Appellants' creation of the construction liens was an act against the property of the estate which violated the automatic stay provisions of 11 U.S.C. § 362.

The automatic stay provisions of 11 U.S.C. § 362 impose a stay on "any act to create, perfect, or enforce any lien against property of the estate."[5] The wording of this provision shows that "the scope of the automatic stay is broad." *Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1203 (3d Cir. 1991) (citing *Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982)). In fact, under section 362, "virtually all acts to collect prepetition claims and all actions that would affect property of the estate are stayed." 3 COLLIER ON BANKRUPTCY ¶ 362.03 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2015); *see also In re Hanley*, 102 B.R. 36, 36-37 (W.D. Pa. 1989) ("Upon the filing of a bankruptcy petition, creditors are automatically stayed from taking action against the property of the estate or which could *affect* the property of the estate." (emphasis added)). Thus, Appellants' act of filing post-petition construction liens created liens against property of the estate and, therefore, falls squarely within the broad prohibitions of the automatic stay provisions.

This conclusion, that Appellants' post-petition filing of construction liens violated the automatic stay, is further supported by the underlying purposes of the automatic stay:

> First, [the automatic stay] gives a bankrupt a breathing spell from creditors by stopping all collection efforts, all harassment, and all foreclosure actions. The stay permits a bankrupt to attempt a repayment or reorganization plan or simply to be relieved of the financial pressures that drove him into bankruptcy. Second, the stay

---

[5] Although section 362 provides several exceptions to the automatic stay, none of the exceptions are applicable here.

protects creditors by preventing particular creditors from acting unilaterally in self-interest to obtain payment from a debtor to the detriment of other creditors. In other words, the stay "protect[s] the bankrupt's estate from being eaten away by creditors' lawsuits and seizures of property before the trustee has had a chance to marshal the estate's assets and distribute them equitably among the creditors."

*Mar. Elec. Co.*, 959 F.2d at 1203 (quoting *Martin–Trigona v. Champion Fed. Sav. & Loan Assoc.*, 892 F.2d 575, 577 (7th Cir. 1989)).

As noted by the Bankruptcy Court, "[Appellee's] breathing spell [was] stanched by the filing of [Appellants' construction liens]" since Appellants sought to collect the accounts receivable the owners of the third-party properties owe to Appellee. (App. 124a.) In addition, as post-petition lien claimants, Appellants essentially attempted to obtain payment from Appellee through the construction liens, to the detriment of any other unsecured creditors. This is the exact type of creditor behavior that the automatic stay seeks to prevent. *See Mar. Elec. Co.*, 959 F.2d at 1203; *In re Shore Air Conditioning & Refrigeration, Inc.*, 18 B.R. 643, 647 (Bankr. D.N.J. 1982) ("[Creditor] has a claim against the estate, but it has no right to improve its position, at the expense of other creditors, subsequent to the date the debtor-in-possession's Petition was filed.").

Accordingly, the Bankruptcy Court properly determined that Appellants violated the automatic stay provisions of 11 U.S.C. § 362 by filing post-petition construction liens against property of Appellee's estate.

### IV. CONCLUSION

For the reasons set forth above, the Bankruptcy Court's orders are hereby **AFFIRMED**.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

Orig:       Clerk
cc:        Parties